**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**ALBANY DIVISION**

| | |
|---|---|
| MORGAN WADE, individually and on behalf of all others similarly situated, | **CASE NO: 1:25-CV-00021-LAG** |
| Plaintiff, | **CLASS ACTION** |
| v. | **JURY TRIAL DEMANDED** |
| MEMORIAL HOSPITAL AND MANOR AUXILIARY, INC., | |
| Defendant. | |
| DES STRAUGHN, individually and on behalf of all others similarly situated, | **CASE NO: 1:25-CV-00023-WLS** |
| Plaintiff, | **CLASS ACTION** |
| v. | **JURY TRIAL DEMANDED** |
| MEMORIAL HOSPITAL & MANOR, | |
| Defendant. | |
| MARTY DUPREE, on behalf of herself and all others similarly situated, | **CASE NO: 1:25-CV-00024-LAG** |
| Plaintiff, | **CLASS ACTION** |
| v. | **JURY TRIAL DEMANDED** |
| MEMORIAL HOSPITAL AND MANOR AUXILIARY, INC., | |
| Defendant. | |

| | |
|---|---|
| KELLY ROGERS, individually and on behalf of all others similarly situated, | **CASE NO: 1:25-CV-00025-LAG** |
| Plaintiff, | **CLASS ACTION** |
| v. | **JURY TRIAL DEMANDED** |
| MEMORIAL HOSPITAL AND MANOR AUXILIARY, INC., | |
| Defendant. | |
| THOMAS MARCHANT, individually and on behalf of all others similarly situated, | **CASE NO: 1:25-CV-00026-LAG** |
| Plaintiff, | **CLASS ACTION** |
| v. | **JURY TRIAL DEMANDED** |
| MEMORIAL HOSPITAL AND MANOR AUXILIARY, INC., | |
| Defendant. | |
| CHERRYLON BROWN, individually and on behalf of all others similarly situated, | **CASE NO: 1:25-CV-00027-LAG** |
| Plaintiff, | **CLASS ACTION** |
| v. | **JURY TRIAL DEMANDED** |
| MEMORIAL HOSPITAL AND MANOR AUXILIARY, INC., | |
| Defendant. | |
| JONATHAN EVANS, individually and on behalf of all others similarly situated, | **CASE NO: 1:25-CV-00028-LAG** |
| Plaintiff, | **CLASS ACTION** |
| v. | **JURY TRIAL DEMANDED** |
| MEMORIAL HOSPITAL AND MANOR AUXILIARY, INC., | |
| Defendant. | |

| | |
|---|---|
| TONY SHOUMON, individually and on behalf of all others similarly situated,<br><br>        Plaintiff,<br><br>v.<br><br>MEMORIAL HOSPITAL AND MANOR AUXILIARY, INC.,<br><br>        Defendant. | **CASE NO: 1:25-CV-00029-LAG**<br><br>**CLASS ACTION**<br><br>**JURY TRIAL DEMANDED** |
| JOYCE COLLINS, individually and on behalf of all others similarly situated,<br><br>        Plaintiff,<br><br>v.<br><br>MEMORIAL HOSPITAL AND MANOR AUXILIARY, INC.<br><br>        Defendant. | **CASE NO: 1:25-CV-00030-LAG**<br><br>**CLASS ACTION**<br><br>**JURY TRIAL DEMANDED** |

### PLAINTIFFS' MOTION TO (1) CONSOLIDATE THE RELATED ACTIONS AND (2) TO APPOINT INTERIM CLASS COUNSEL

Plaintiffs Morgan Wade, Des Straughn, Marty Dupree, Kelly Rogers, Thomas Marchant, Cherrylon Brown, Jonathan Evans, Tony Shoumon and Joyce Collins (collectively "Plaintiffs"), individually, and on behalf of all others similarly situated, respectfully request the Court: (1) pursuant to Fed. R. Civ. P. 42(a), consolidate the above-captioned cases, as well as any other future actions filed or transferred related actions against Defendant Memorial Hospital and Manor Auxiliary, Inc.; and (2) pursuant to Fed. R. Civ. P. 23(g)(3), appoint Andrew J. Shamis of Shamis & Gentile, P.A., Mariya Weekes of Milberg Coleman Bryson Phillips Grossman PLLC and J. Gerard Stranch of Stranch, Jennings & Garvey, PLLC as Interim Class Counsel (collectively, "Proposed Interim Class Counsel); (3) stay the Related Actions (defined below) as

to pleading and other deadlines;  and (4)  require the filing of a consolidated complaint within 45 days of entry of an order consolidating the cases and appointing Interim Class Counsel.

I.     **INTRODUCTION**

There have been nine cases filed within the past several weeks in the United States District Court for the Middle District of Georgia related to a data breach (the "Data Breach") at Memorial Hospital and Manor Auxiliary, Inc., ("MHM"), a healthcare service provider located in Decatur County, Georgia. The Data Breach impacted approximately 120,000 individuals and resulted in the exfiltration of highly sensitive information including but not limited to names, dates of birth and Social Security Numbers ("Personally Identifiable Information" or "PII") as well as health insurance information and medical history and treatment information ("Protected Health Information" or "PHI") (collectively "Private Information"). All nine complaints are putative class actions, and name MHM as the sole defendant.

Consistent with the directives of the Manual for Complex Litigation, §§ 10.22, 21.272 (4th ed. 2004) (the "*Manual*") and recent decisions which encourage the "private ordering" and cooperation among Plaintiffs' counsel in this context, the undersigned are pleased to report that they have agreed upon a proposed leadership structure of the cases currently pending in this Court. As discussed below, the leadership structure is comprised of seasoned privacy and data breach lawyers who have extensive experience litigating similar cases. The proposed leadership structure also includes diverse and younger lawyers whose combined talent, resources, and perspectives will undoubtably ensure the efficient and economical prosecution of the case. These lawyers and their respective firms are committed to devoting the resources necessary to vigorously litigate this case to conclusion on behalf of their clients and the putative class.

For the reasons set forth below, Plaintiffs respectfully request that the Court (a) consolidate these related cases pursuant to FED. R. CIV. P. 42(a) and (b) Andrew J. Shamis of Shamis & Gentile, P.A. ("Shamis & Gentile"), Mariya Weekes of Milberg Coleman Bryson Phillips Grossman PLLC ("Milberg") and J. Gerard Stranch of Stranch, Jennings & Garvey, PLLC ("SJG") as Interim Class Counsel.

Plaintiffs will serve a copy of the Motion and accompanying materials on Defendant's Counsel upon their appearance in the case and notify the Court accordingly.

## I.    **BACKGROUND**

As discussed above, there are currently nine putative class actions arising from the Data Breach recently announced by MHM. Plaintiffs and putative class members are individuals whose personal, sensitive information was compromised in the breach. The cases filed to date are listed below (the "Related Actions"):

1. *Wade v. Memorial Hospital and Manor Auxiliary, Inc.*, No. 1:25-cv-00021 (filed on February 10, 2025 by the law firms of Milberg Coleman Bryson Phillips Grossman PLLC and Law Offices of Allie McCarthy);

2. *Straughn v. Memorial Hospital & Manor*, No. 1:25-cv-00023 (filed on February 10, 2025 by the law firm of Shamis & Gentile, P.A.);

3. *Dupree v. Memorial Hospital and Manor Auxiliary, Inc.*, No. 1:25-cv-00024 (filed on February 12, 2025 by the law firms of Stranch, Jennings & Garvey, PLLC and Alonso & Wirth);

4. *Rogers v. Memorial Hospital and Manor Auxiliary, Inc.*, No. 1:25-cv-00026 (filed on February 12, 2025 by the law firms of EKSM, LLP. and Dudley Law, LLC):

5. *Marchant v. Memorial Hospital and Manor Auxiliary, Inc.*, No. 1:25-cv-00026 (filed on February 12, 2025 by the law firms of Levi & Korsinsky, LLP and Herman Jones LLP);

6. *Brown v. Memorial Hospital and Manor Auxiliary, Inc.*, No. 1:25-cv-00027 (filed on February 13, 2025 by the law firms of Markovits, Stock & Demarco, LLC and The Finley Firm, P.C.);

7. *Evans v. Memorial Hospital and Manor Auxiliary, Inc.*, No. 1:25-cv-00028 (filed on February 14, 2025 by the law firms of Stranch, Jennings & Garvey, PLLC and Alonso & Wirth);

8. *Shoumon v. Memorial Hospital and Manor Auxiliary, Inc.*, No. 1:25-cv-00029 (filed on February 14, 2025 by the law firms of Cohen Malad, LLP, Stranch, Jennings & Garvey, PLLC and Alonso & Wirth); and

9. *Collins v. Memorial Hospital and Manor Auxiliary, Inc.*, No. 1:25-cv-00030 (filed on February 14, 2025 by the law firms of Laukaitis Law LLC and The Finley Firm, P.C.).

## II.    ARGUMENT

### A.    The Related Actions Should Be Consolidated

Due to the similarity of the Relation Actions, consolidation is appropriate. Each lawsuit arises from the same common set of operative facts—the Data Breach. Due to each Plaintiffs' reliance on the same set of operative facts, Plaintiffs assert overlapping claims, on behalf of similarly defined classes, seeking similar relief. The above-captioned cases, the parties thereto, and the Court will be best served in a consolidated proceeding.

Rule 42(a) of the Federal Rules of Civil Procedure provides:

> If actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay.

Fed. R. Civ. P. 42(a).

"The district court's decision under Rule 42(a) is purely discretionary." *Hendrix v. Raybestos-Manhattan, Inc.*, 776 F.2d 1492, 1495 (11th Cir. 1985); *see also In re Univ. of Miami COVID-19 Tuition & Fee Refund Litig.*, No. 20-22207-CIV-SINGHAL, 2020 WL 9071422, at *1 (S.D. Fla. Aug. 5, 2020) (quoting *Eghnayem v. Boston Scientific Corp.*, 873 F.3d 1304, 1313-14 (11th Cir. 2017). The purpose of the rule is to "give the court broad discretion to decide how cases on its docket are to be tried so that the business of the court may be dispatched with expedition and economy while providing justice to the parties." See *Fed. Election Com. v. Fla. for Kennedy*

*Committee*, 492 F. Supp. 587, 597 (S.D. Fla. 1980) (quoting C. Wright & A. Miller, Federal Practice and Procedure: Civil § 2383 at 253 (1971)). However, before making a decision, the district court "must take into account the following factors: (1) whether the specific risks of prejudice and possible confusion are overborne by the risk of inconsistent adjudications of common factual and legal issues; (2) the burden on parties, witnesses and available judicial resources posed by multiple lawsuits; (3) the length of time required to conclude multiple suits as against a single one; and (4) the relative expense to all concerned of the single-trial, multiple-trial alternatives." *Id.; see also Burrow v. Forjas Taurus S.A.*, No. 16-cv-21606, 2018 WL 809439, at *2 (S.D. Fla. Feb. 9, 2018) (citing *Hendrix*, 776 F.2d at 1495).

In light of this aim for organizational efficiency, "[c]ourts normally take a deferential approach in reviewing the lead plaintiff's selection of class counsel." *Arrington v. Burger King Worldwide, Inc.*, No. 18-24128-CIV-MARTINEZ/AOR, 2019 WL 13063501, at *1 (S.D. Fla. Mar. 21, 2019) (citing *Cooper v. DJSP Enters., Inc.*, No. 10-61261-CIV-ZLOCH/ROSENBAUM, 2010 WL 11552871, at *4 (S.D. Fla. Nov. 24, 2010)).

As noted above, the complaints in the four Related Actions relate to common factual allegations and legal theories. They assert multiple common causes of action against the same Defendant – MHM – relating to the same factual underpinnings and seek the same relief in response to the same event (the Data Breach). The Related Actions each seek certification of materially similar overlapping classes and allege that Plaintiffs and Class Members suffered harm because their sensitive personal information, including Private Information was exposed to third parties without their authorization. Indeed, the legal claims asserted by each plaintiff are nearly identical, such that Plaintiffs' claims will rise of fall together. As such, common questions of law pervade these cases. *See, e.g., Kaplan v. 21st Century Oncology Holdings*, No. 2:16-cv-210, 2016

WL 9383330, at *2 (M.D. Fla. July 21, 2016) (court consolidated data breach cases where: (i) "common questions of law and fact permeate[d] the[] cases"; (ii) all of the cases arose from the same alleged data breach; (iii) all of the cases were class actions with class allegations; (iv) all of the cases shared at least one similar substantive claim – negligence; and (v) the cases were filed against a common defendant.);see also *Doe v. School Board of Miami-Dade Cnty.*, No. 18-25430-CIV-O'SULLIVAN, 2020 WL 1465739, at *2 (S.D. Fla. Mar. 25 2020) (finding the factors and legal similarities of the claims "weigh in favor of consolidation" even where the "damages of each plaintiff are distinct and necessarily require separate evidence"); *Gainor v. Bryan Holdings, LLC*, No. 08-21680-CIV-MARTINEZ-BROWN, 2009 WL 10668297, at *2 (S.D. Fla. Sept. 2, 2009) ("[C]onsolidating the two cases promotes judicial efficiency because the same witnesses would likely be used in both trials and the Court would not be faced with redundant proceedings."); *Newman v. Eagle Bldg. Techs.*, 209 F.R.D. 499, 502 (S.D. Fla. 2002) (consolidation of class actions was appropriate where the complaints presented virtually identical claims for relief based upon a single course of conduct).

Consolidation of the Related Actions is warranted because it will simplify discovery, pretrial motions, class certification issues, and other case management issues, especially given that the cases are at their procedural inception, and it will avoid delay, duplicative litigation efforts, and the risk of inconsistent rulings, without prejudicing any party. As such, Plaintiffs respectfully request that the Court consolidate them. *See, e.g., Nelson v. Connexin Software Inc.*, No. 2:22-CV-04676, 2023 WL 2721657, at *1 (E.D. Pa. Mar. 30, 2023) (noting that nine data breach class actions filed in the same district court had been consolidated).

**B.**      **The Court Should Appoint Interim Class Counsel**

**1.**      **Legal Standard Under Fed. R. Civ. P. 23(g)(3)**

Federal Rule of Civil Procedure 23(g)(3) provides "[t]he court may designate interim counsel to act on behalf of a putative class before determining whether to certify the action as a class action." Fed. R. Civ. P. 23(g)(3). "[D]esignation of interim counsel clarifies responsibility for protecting the interests of the class during precertification activities, such as making and responding to motions, conducting any necessary discovery, moving for class certification, and negotiating settlement." Manual for Complex Litigation ("MCL") § 21.11 (4th ed. 2004).

When appointing interim class counsel, courts generally look to the same factors used in determining the adequacy of class counsel under Fed. R. Civ. P. 23(g)(1)(A). *See Crowe v. Managed Care of North America, Inc., d/b/a MCNA Dental*, Case No. 23-61065 (S.D. Fla. Sept. 27, 2023) (Singhal, J.) (citations omitted); *Kjessler v. Zaappaaz, Inc.*, No. 4:17-CV-3064, 2018 WL 8755737, at *3 (S.D. Tex. Aug. 31, 2018) (citing *Buonasera v. Honest Co., Inc.*, 318 F.R.D. 17, 18 (S.D.N.Y. 2016); *In re Mun. Derivatives Antitrust Litig.*, 252 F.R.D. 184, 186 (S.D.N.Y. 2008).) Under the rule, a court appointing class counsel must evaluate whether the proposed counsel will fairly and adequately represent the interests of the class. *See* Fed. R. Civ. P. 23(g)(2), (4). In doing so, a court must consider the following factors: "(i) the work counsel has done in identifying or investigating potential claims in the action; (ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action; (iii) counsel's knowledge of the applicable law; and (iv) the resources that counsel will commit to representing the class." Fed. R. Civ. P. 23(g)(1)(A), (2). A court, in its discretion, also may consider "any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class." Fed. R. Civ. P. 23(g)(1)(B)

As discussed below, each of the relevant Rule 23(g) factors demonstrate that Proposed Interim Class Counsel (comprised of Andrew J. Shamis of Shamis & Gentile, Mariya Weekes of Milberg and J. Gerard Stranch of SJG are best able to "fairly and adequately represent the interests of the class." FED. R. CIV. P. 23(g)(4).

Proposed Interim Class Counsels' experience, knowledge, resources, and successful track record litigating consumer data breach cases demonstrates that they are superbly qualified to represent the Proposed Class's interest under the factors enumerated in Fed. R. Civ. P. 23.

### i. Proposed Interim Class Counsel Have Performed Substantial Work in Investigating this Action

Under the first Rule 23(g)(1)(A) factor, Proposed Interim Class Counsel have committed appropriate, yet substantial, time and resources to organizing and working toward the advancement of this litigation. This work undertaken to date includes investigating and researching the potential legal theories and claims at issue, researching and reviewing information relating to the factual underpinnings of the data breach and this litigation, and communicating with affected persons impacted by the Data Breach, as well as retained clients.

These firms continue to perform substantial work that has been (and will be) valuable to the class as the case moves forward. This includes, but is not limited to, the following: (a) reviewing consumer communications concerning the data breach; (b) engaging in ongoing communications with putative class members; (c) investigating the scope of the data breach's consequences, and Defendants' public response regarding the same; (d) researching potential claims arising from the data breach and defenses thereto; and (e) using this research to begin preparing a detailed, consolidated class action complaint.

Proposed Interim Class Counsel have conducted all the work necessary to prosecute this consolidated litigation thus far, and they stand ready, willing, and able to continue to devote the

substantial effort and resources (including the advancement of costs) necessary for advancing the claims of Plaintiffs and the proposed class.

> ### ii. Proposed Interim Class Counsel Have Substantial Knowledge About and Are Experienced in Leading and Successfully Resolving Data Privacy Class Actions

Proposed Interim Class Counsel also satisfy the second and third Rule 23(g)(1)(A) factors. Data breach cases present unique and novel issues of fact and law that are always evolving. *See, e.g., Gordon v. Chipotle Mexican Grill, Inc.*, Case No. 17-cv-1415, 2019 WL 6972701, at *1 (D. Colo. Dec. 16, 2019) ("Data breach cases… are particularly risky, expensive, and complex."); *Fulton-Green v. Accolade, Inc.*, Case No. 18-cv-274, 2019 WL 4677954, at *8 (E.D. Pa. Sept. 24, 2019) ("This is a complex case in a risky field of litigation because data breach class actions are uncertain and class certification is rare."). Because data breach cases require an understanding of the technical issues of data hacking, data privacy measures, and industry standards, appointing interim class counsel who are experienced in such complex class action litigation, including data breach litigation and related issues, is in the best interest of the Class. *See Outten v. Wilmington Tr. Corp.,* 281 F.R.D. 193, 200 (D. Del. 2012) ("Experience and knowledge of the law is of the utmost importance when determining lead counsel."). Proposed Counsel have extensive experience leading and litigating data privacy matters against large corporate defendants, as reflected in their respective firm resumes.

As demonstrated below, Mr. Shamis, Ms. Weekes and Mr. Stranch are each highly qualified to lead the consolidated action and should be appointed as Interim Class Counsel pursuant to FED. R. CIV. P. 23(g). *See In re Terazosin Hydrochloride Antitrust Litig.*, 220 F.R.D. 672, 702 (S.D. Fla. 2004) (stating that the "most persuasive" factors in choosing lead counsel may be proposed counsel's "experience in, and knowledge of, the applicable law in this field").

The qualifications and experience of each member of the proposed leadership team are further summarized below.

### Andrew J. Shamis of Shamis & Gentile, P.A.[1]

Andrew Shamis is the managing partner at Shamis & Gentile, P.A. where he heads the class action and mass torts division of the firm. Shamis & Gentile, P.A. stands out as a leading Plaintiff's firm in consumer class actions, with a well-earned reputation as zealous advocates for consumer rights. Shamis & Gentile, P.A. litigates cases on a broad range of industries, including banking, insurance, data privacy, deceptive trade practices and product liability.

Mr. Shamis is well qualified to lead this litigation, where he would draw on his expertise, skill, and extensive experience in civil litigation which has helped him recover over *1 billion dollars* for consumers and plaintiffs throughout the country, including in numerous actions representing consumer privacy claims.[2] Mr. Shamis is routinely certified class counsel which has

---

[1] SG's firm resume is attached as Exhibit A.

[2] Some of Mr. Shamis' successes include *South, et. al. v. Progressive Select Insurance Company, et. al.*, No. 19-cv-21760 (S.D. Fla. 2023) ($48,800,000.00 Class Settlement), *In re: GEICO General Insurance Co.*, No. 4:19-cv-03768 (N.D. Cal. 2022) ($19,500,000 Class Settlement), *Davis, et. al. v. Geico Casualty Company, et. al.*, No. 19-cv-02477 (S.D. Ohio 2023) ($5,700,000 Class Settlement), *Arevalo, et. al. v. USAA Casualty Insurance Company, et. al.*, No. 2020CI16240 (Bexar County, Texas 2023) ($14,000,000 Class Settlement), *Bruin, et al. v. Bank of America, N.A.*, Case No. 1:21-cv-02272 (S.D. NY 2024) ($8,000,000 Class Settlement), *Bobo v. Clover Network, LLC*, No. 2023CH000168 (DuPage County, Illinois 2024) ($15,000,000 Class Settlement), *Sellers, et al. v. Bleacher Report, Inc.* No. 2024-003537-CA-01 (Miami-Dade County, Florida 2024) ($4,800,000 Class Settlement), *Angell, et al. v. GEICO Advantage Insurance Company, et al.*, No. 4:20-CV-00799 (S.D. Tex. 2024) ($33,000,000 Class Settlement), *Johnson, et al. v. American Family Insurance Company, et al.*, No. 24SL-CC00378 (St. Louis County, Missouri 2024) ($22,000,000 Class Settlement), *Albrecht v. Oasis Power, LLC*, No. 1:18-cv-1061 (N.D. Ill. 2018) ($7,000,000 Class Settlement), *Eisenband v. Schumacher Automotive, Inc.*, No. 18-cv-01061 (S.D. Fla 2018) ($5,000,000 Class Settlement), *Gottlieb v. Citgo Corporation*, No. 16-cv-81911 (S.D. Fla. 2016) ($8,300,000 Class Settlement), *Jacques, et. al. v. Security National Insurance Company*, No. CACE-19-002236 (17th Judicial Circuit, Broward County) ($6,000,000 Class Settlement), *Ostendorf v. Grange Indem. Ins. Co.*, No. 2:19-CV-1147 (S.D. Ohio 2020) ($12,000,000 Class Settlement), *Papa v. Greico Ford Fort Lauderdale, LLC*, No. 1:18-cv-21897 (S.D. Fla. 2018) ($4,800,000 Class Settlement), *Pena*

resulted in many favorable class settlements and millions of dollars in recovery for consumers nationwide. Mr. Shamis is currently litigating dozens of data breach class actions in U.S. District Courts and State Courts across the Country.

Mr. Shamis' extensive experience in complex consumer class actions is evident in Shamis & Gentile's successes in obtaining certification in numerous contested class actions, including *Freeman v. Progressive Direct Ins. Co.*, No. 1:2021-cv-03798 (D.S.C.), *Volino, et. al. v. Progressive Cas. Ins. Co., et al.*, No. 1:21-cv-06243 (S.D.N.Y.), *Drummond, et. al. v. Progressive Specialty Ins. Co., et. al.*, No. 5:21-cv-04479 (E.D. Pa.), *Brown, et. al. v. Progressive Mountain Ins. Co., et. al.*, No. 3:21-cv-00175 (N.D. Ga.), *Costello v. Mountain Laurel Assurance Co.*, No. 2:2022-cv-00035 (E.D. Tenn.), *Davenport, et. al. v. Progressive Direct Ins. Co., et. al.*, No. CV 22 961647, (Cuyahoga County, Ohio), *Curran v. Progressive Preferred Ins. Co.*, No. 1:2022-cv-00878 (D. Colo.), *Reynolds, et. al. v. Progressive Direct Ins. Co., et. al.*, No. 5:2022-cv-00503 (N.D. Al.), *Schroeder, et. al. v. Progressive Paloverde Ins. Co., et. al.*, No. 1:2022-cv-00946 (S.D. Ind.), *Angell, et al. v. GEICO Advantage Insurance Company, et al.*, No. 4:20-CV-00799 (S.D. Tex.), and *In re: Geico General Insurance Co.*, Case No. 4:19-cv-03768 (N.D. Cal.).

In connection with litigating class cases throughout the country, Mr. Shamis has made it a point to become a permanent member of many bars to effectively represent those communities. Mr. Shamis is admitted to practice law in the states of Arizona, Florida, Georgia, Illinois, Missouri, New York, Ohio, Texas, and Washington as well as the U.S. District Courts for the Southern, Middle, and Northern Districts of Florida, Northern, Eastern, Western, and Southern Districts of

---

*v. John C. Heath, Attorney at Law, PLLC*, d/b/a Lexington Law Firm, No. 18-cv- 24407-UU (S.D. Fla. 2018) ($11,450,863 Class Settlement), *Petit Beau, et. al., v. Ocean Harbor Casualty Insurance Company*, No. CACE-18-029268 (17th Judicial Circuit, Broward County) ($4,500,000 Class Settlement).

New York, Northern, Southern, Central Districts of Illinois, Northern, Middle, and Southern Districts of Georgia, Eastern and Western Districts of Michigan, Eastern and Western Districts of Wisconsin, Northern and Southern Districts of Ohio, Eastern and Western Districts of Missouri, Eastern, Western, and Northern Districts of Oklahoma, Northern, Western, Eastern, and Southern Districts of Texas, Southern District of Indiana, U.S. District Court of Colorado, U.S. District Court of Connecticut, U.S. District Court of Arizona, and the U.S. District Court of Nebraska.

In all, Mr. Shamis' professional extensive experience in prosecuting class actions, expertise, and substantial successes throughout the country make him well qualified to co-lead this litigation.

### Mariya Weekes[3]

Mariya Weekes is a partner at the international plaintiffs' class action firm Milberg Coleman Bryson Phillips Grossman, PLLC ("Milberg"). Since Milberg's founding in 1965, it has repeatedly taken the lead in landmark cases that have set groundbreaking legal precedents, prompted changes in corporate governance, and recovered over $50 billion in verdicts and settlements.[4] Milberg has been instrumental in obtaining precedent setting decisions at every level, including at the United States Supreme Court.[5] The firm pioneered federal class action litigation and is widely recognized as a leader in defending the rights of victims of corporate and other large-scale wrongdoing.  Milberg has more than 100 attorneys on staff and has offices across the United States and the European Union.

---

[3] Milberg's firm resume is attached as Exhibit B.

[4] *See, e.g., In re Tyco International Ltd., Securities Litigation*, MDL 1335 (D.N.H.) (serving as lead counsel and obtaining approval of $3.2 billion settlement); *In re Prudential Insurance Co. Sales Practice Litigation*, No. 95-4704 (D.N.J.) (serving as lead counsel and recovering more than $4 billion for policyholders); *see also* https://milberg.com/outstanding-recoveries/.

[5] *See* https://milberg.com/precedent-setting-decisions/page/3/.

Ms. Weekes is a former Florida State Circuit Court Judge, elected to the bench by her constituents. As a Florida Circuit Court Judge, she presided over thousands of complex cases, hundreds of trials, and motions. In her capacity as a Circuit Court Judge, she served on the Circuit's appellate panels reviewing appeals from the lower trial Courts and administrative agencies. Before ascending to the bench, she practiced as a trial lawyer representing individuals and corporations in complex cases throughout the State of Florida. As a practicing attorney, she has personally tried dozens of jury trials to verdict and has participated in many significant cases. Both as a civil trial lawyer and former prosecutor, she has handled complex cases from their inception through appeal. Since leaving the bench, she now represents individuals and other entities in class action litigation in both state and federal courts.

After stepping down from the bench, Ms. Weekes joined Milberg's Cybersecurity and Data Privacy Group, which has extensive experience serving as leadership in numerous privacy class actions, including as lead or co-lead counsel in the largest data breaches in the country. *See, e.g.*, *In Re: LoanCare Data Security Breach Litig.*, No. 3:23-cv-1508-MMH-MCR (M.D. Fla.) (where Ms. Weekes was appointed co-lead counsel in a consolidated action involving more than 1.3 million consumers); *In Re: Berry, Dunn, McNeil & Parker Data Security Incident Litigation.*, No. 2:24-cv-00146 (D. Maine) (Ms. Weekes was appointed to the executive committee in a consolidated action involving 1.1 million consumers); *Reichbart v. Financial Business and Consumer Solutions, Inc.*, No. 24-cv-1876 (E.D. Penn.) (Ms. Weekes was appointed chair of the Plaintiffs' Executive Committee in a consolidated action involving more than 1.9 million consumers); *Morrison et al. v. Family Dollar Stores, LLC, et al.*, 0:24-cv-60294-AHS (S.D.Fl.) (Ms. Weekes was appointed as co-lead counsel in a consolidated consumer protection class action involving adulterated mediations impacting thousands of consumers across 19 States); *W. v.*

*LivaNova USA, Inc.,* Case No. 4:24-cv-02250 (S.D. Tex.) (Ms. Weekes was appointed Interim Co-Lead Counsel); *In re Coastal Orthopedics & Sports Medicine of Southwest Florida Data Breach Litig.,* Case No. 2024-CA-1078AX (12th Judic. Circ. Ct. of Fla., Manatee Cnty) (Ms. Weekes was appointed Interim Class Counsel); *Lomedico v. MarineMax, Inc.*, Case No. 8:24-cv-1784-MSS-AEP (M.D. Fla.) (appointed joint Interim Class Counsel); *In re TRC Staffing Services, Inc. Data Breach Litig.*, Case No. 1:24-cv-02398-VMC (N.D. Ga.) (Ms. Weekes was appointed co-lead counsel); *Lepore et al v. Affiliated Dermatologists & Dermatologic Surgeons, P.A.*, Case No. MRS-L-001091-24 (Ms. Weekes was appointed Interim Class Counsel); *Owens et al v. MGM Resorts International, et al.,* Case No. 2:23-cv-01480-RFB-MDC (D. Nev.) (Ms. Weekes was appointed to Plaintiffs' Steering Committee); *Mckinley v, Doxim, Inc*. Case No. 2:24-cv-11550-TGB-CI (E.D. Mich.) (Ms. Weekes was appointed co-lead counsel); *Cucuta v. FloridaCentral Credit Union,* Case No. 24-CA-006065 (Hillsborough County, Fl.) (Ms. Weekes was appointed co-lead counsel).; *In re: MoveIt Customer Data Security Breach Litigation*, 1:23-md-03083 (D. Mass.) (where Milberg was appointed to the leadership committee in multi-district litigation involving a data breach that impacted more than 95 million consumers).[6]Milberg's Cybersecurity and Data Privacy Group is largely responsible for developing the favorable case law that many plaintiffs rely on in the data breach space. *See e.g., Webb v. Injured Workers Pharmacy, LLC*, 72 F.4th 365 (1st Cir. 2023) (Milberg attorneys obtained a decision from the First Circuit reversing the dismissal with prejudice of a data breach case and finding Article III standing); *In re Arthur J. Gallagher Data Breach Litig.*, 631 F. Supp. 3d 573, 586 (N.D. Ill. 2022) (Milberg attorneys largely defeated a motion to

---

[6] *See, also Morrill v. Lakeview Loan Servicing, LLC*, Case No. 1:22-cv-20955-DPG (S.D. Fla.) (where Milberg is appointed to the leadership committee in a data breach class action involving 6 million consumers); *Sherwood v. Horizon Actuarial Services, LLC*, Case No. 1:22-cv-01495-ELR (N.D. Ga.) (where Milberg is court-appointed co-lead counsel in a data breach class action involving 4 million consumers).

dismiss in a data breach case involving 3 million consumers); *In re Blackbaud, Inc., Customer Data Breach Litig*., No. 3:20-MN-02972-JMC, 2021 WL 2718439, at *1 (D.S.C. July 1, 2021) (Milberg attorneys defeated a standing challenge in a 10 million person data breach case).

### J. Gerard Stranch, IV[7]

J. Gerard Stranch, IV is a third-generation trial lawyer with deep and broad experience representing consumers against some of the largest and most well-resources companies in the country. He is the Managing Partner of Stranch, Jennings & Garvey, PLLC—the largest and most successful Tennessee-based class action firm. He was the lead trial attorney for the Staubus opioids case, on behalf of nine East Tennessee Counties and certain cities within those counties against Endo Health Solutions and Endo Pharmaceuticals, Inc., resulting in a default judgment against Endo for discovery violations and settling on the eve of trial for $35 million, the largest per capita payment by Endo in any Opioid settlement. *See Staubus v. Purdue Pharma LP*, No. C-41916 (Sullivan Cty. Tenn. Cir. Ct.). He was appointed to the steering committees of *In re Volkswagen "Clean Diesel" Marketing, Sales Practices and Products Liability*, No. 15-MD-02672 (N.D. Cal.) resulting in approximately $17 billion in settlements. In *In re New England Compounding Pharmacy, Inc.*, MDL No. 13-02419-RWZ (D. Mass.), he was appointed to the executive committee and in charge of all Tennessee litigation, resulting in the recovery of over $230 million in settlements. He was appointed to the executive committee in *Dahl v. Bain Capital Partners*, No. 07–12388–EFH (D. Mass.) a case that resulted in a $590.5 million settlement shortly before trial. Mr. Stranch is engaged in litigation in Massachusetts District Court on behalf of plaintiffs in *In re Telexfree Securities Litigation*, No. 4:14-md-02566-TSH (D. Mass.) (MDL involving one of

---

[7] SJG's firm resume is attached as Exhibit C.

history's largest pyramid and Ponzi schemes, resulting in $95 million settlement against one of the Defendants, TD Bank).

Earlier in his career, Mr. Stranch was named to the 40 Under 40 list by the National Trial Lawyers Association. Indeed, when beneficial to his clients, Mr. Stranch is more than willing to take any case to trial. For example, Mr. Stranch's firm recently took Abbott Laboratories to trial in a bellwether infant formula case, which resulted in a nearly $500 million jury verdict. *Gill v. Abbott Labs.*, No. 2322-CC01251 (Mo. Cir. Ct., 22nd Judicial Dist.).

Mr. Stranch has significant experience litigating consumer class actions, including data breach class actions, and often serves in leadership roles. Indeed, Mr. Stranch has significant knowledge of the claims and defenses brought in data breach class actions specifically because he has litigated these matters in courts across the country. *See, e.g.*, *Monegato v. Fertility Ctrs. of Illinois, PLLC*, No. 2022 CH 00810 (Cook Cty. Cir. Ct.); *In re CorrectCare Data Breach Litig.*, No. 5:22-319-DCR (co-lead counsel in $6.49 million settlement); *Berthold v. Norton Healthcare, Inc.*, No. 23-CI-003349 (Jeff. Cty., Ky. Cir. Ct.) (appointed co-lead interim class counsel in consolidated data breach class action impacting at least 2.5 million patients and employees); *Lurry v. Pharmerica Corp.*, No 3:23-cv-00297-RGJ (W.D. Ky.) (appointed interim lead class counsel in consolidated data breach class action); *Goodlett v. Brown-Forman*, No. 20-CI-005631 (Jefferson Cty. Ky. Cir. Ct.); *Reese v. Teen Challenge Training Ctr., Inc.*, No. 210400093 (Phil. Cty. Pa. Ct. Comm. Pl.) (final approval granted Nov. 14, 2023); *Black v. Smith Transport, Inc.*, No. 2022 GM 3110 (Blair Cty. Pa. Ct. Comm. Pl.); *Wermann, et al. v. Med. Assoc. Lehigh Valley, P.C.*, No. 2022-C-2356 (Lehigh Cty. Pa. Ct. Comm. Pl.) (finalizing settlement negotiations).

Given Mr. Stranch's deep experience in data breach class actions, he is more than qualified to represent the Class here.

### *iii.* **Proposed Interim Class Counsel and Are Committed to Representing and Advancing the Interests of the Class**

As to the fourth, Rule 23(g)(1)(A) factor, Proposed Interim Class Counsel are willing and able to expend the resources necessary to ensure the vigorous prosecution of the claims asserted by the Plaintiffs in these cases. All three firms are well capitalized and have years of experience prosecuting and self-funding complex class action litigation, including actions against some of the largest companies in the world. Each firm has advanced significant resources to fund expenses in several of its cases, demonstrating a commitment to providing the resources and staffing needed to successfully prosecute class actions. Proposed Interim Class Counsel are also willing to advance all costs to prosecute this action and see it through completion, including advancing costs for document hosting, expert witnesses (both for liability and damages if necessary), and for trial.

Mr. Shamis, Ms. Weekes and Mr. Stranch, along with their respective firms, have a proven track-record of success leading complex class action cases, including data privacy matters. The experience here will be no different. Each attorney understands the time, energy, and skill necessary to lead this litigation and all have committed the resources required to ensure the effective and efficient representation of the Class members. In fact, Proposed Interim Class Counsel have already demonstrated their commitment to this litigation by devoting substantial resources to this litigation and coordinating among themselves to file this leadership proposal.

Just as they have previously done, Proposed Interim Class Counsel are committed to working cooperatively and efficiently on behalf of Plaintiffs and the proposed class here. As Proposed Interim Class Counsel's history of organization shows, they are inclusive. Those efforts of inclusion resulted in a group of attorneys working toward the proper goal—a fair, reasonable, and adequate result. Each of these attorneys would be independently qualified to serve as co-lead class counsel and have significant experience in class actions, including data breach class actions.

In sum, Proposed Interim Class Counsel are committed to pursuing the best interests of Plaintiffs and the proposed class in an efficient manner. They understand the time and resources necessary to pursue this action to a successful resolution. Their firms have already made significant investments of resources and time into the prosecution of these claims. Their firms possess the resources needed to prosecute this case to a successful resolution and will do so here.

### *iv.* Additional Factors Supporting Appointment Rule 23(g)(1)(B)

The Court may also consider "any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class." FED. R. CIV. P. 23(g)(1)(B). One consideration here is that Proposed Interim Counsel reached consensus among counsel who have filed cases in this Court to date about the proposed leadership structure. Rather than file competing leadership applications in as many as four separate actions, counsel for all Plaintiffs met and conferred and agreed that it is in the best interest of the Plaintiffs and putative class members to form a unified front and cooperatively litigate the claims arising from the data breach in this action. This private ordering further supports appointing Interim Class Counsel. *See Manual*, §§ 10.22, 21.272.

### C.    The Court Should Set a Schedule for Filing a Consolidated Complaint

Finally, Plaintiffs propose an expeditious and efficient schedule for the Consolidated Action. Specifically, they propose filing an operative, Consolidated Class Action Complaint within forty-five (45) days from date on which the order consolidating the cases is entered. Defendant MHM would be relieved from responding to the initial complaints filed in the nine cases in the interim.

## III.    <u>CONCLUSION</u>

For the reasons set forth above, Plaintiffs respectfully ask the Court to grant their motion and enter an order: (1) consolidate the above-captioned Related Actions pursuant to FED. R. CIV.

P. 42(a) under the title "*In re Memorial Hospital And Manor Data Breach Litigation*;" and (2) appoint Andrew J. Shamis of Shamis & Gentile, P.A., Mariya Weekes of Milberg Coleman Bryson Phillips Grossman PLLC and J. Gerard Stranch of Stranch, Jennings & Garvey, PLLC as Interim Class Counsel, pursuant to FED. R. CIV. P. 23(g)(3).

Dated: March 6, 2025                     Respectfully submitted,

                                         */s/ Allison E. McCarthy*
                                         Allison E. McCarthy
                                         **LAW OFFICES OF ALLIE MCCARTHY**
                                         Georgia Bar No. 482220
                                         1055 Prince Avenue, Suite 2
                                         Athens, Georgia 30606
                                         Phone: (678) 637-3201
                                         Fax: (888) 645-6243
                                         attorneymccarthy@gmail.com

                                         Mariya Weekes*
                                         **MILBERG COLEMAN BRYSON**
                                         **PHILLIPS GROSSMAN, PLLC**
                                         201 Sevilla Avenue, 2nd Floor
                                         Coral Gables, FL 33134
                                         Tel: (786) 879-8200
                                         Fax: (786) 879-7520
                                         Email: mweekes@milberg.com

                                         Andrew J. Shamis *
                                         **SHAMIS & GENTILE, P.A.**
                                         14 NE 1st Avenue, Suite 705
                                         Miami, FL 33132
                                         Telephone: 305-479-2299
                                         ashamis@shamisgentile.com

                                         J. Gerard Stranch, IV*
                                         Grayson Wells*
                                         **STRANCH, JENNINGS & GARVEY, PLLC**
                                         The Freedom Center
                                         223 Rosa L. Park Avenue, Suite 200
                                         Nashville, TN 37211
                                         Tel: (615) 254-8801
                                         gstranch@stranchlaw.com
                                         gwells@stranchlaw.com
                                         **Pro Hac Vice* forthcoming

**CERTIFICATE OF SERVICE**

I hereby certify that on March 6, 2025, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

*/s/ Allison E. McCarthy*
Allison E. McCarthy